Dear Mr. Crockett:
You have requested an Attorney General's opinion on whether the elected chief of police for the Town of Columbia is subject to a provision of the Town's personnel policy which reads as follows:
"Campaigning on duty
 No elected or appointed official or employees of the Town of Columbia or anyone acting in an official capacity for the Town may be involved in any type of political activity or campaigning while on duty or any official capacity. Violation of this policy shall be reviewed by the Council and may result in suspension without pay or dismissal."
This provision is a two-part mandate presumably passed by the Town's Board of Aldermen.
The Town of Columbia is a Lawrason Act municipality and, therefore, subject to LSA-R.S. 33:321 et seq. The duties of the chief of police are presented in LSA-R.S. 33:423, which, in part, reads:
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
The elected chief of police is an "officer" of the town and may not be relegated to the status of an employee. Cogswell v. Townof Logansport, 321 So.2d 744 (Ct.App. 2nd Cir. 1975). However, the mayor and board of aldermen may assign certain duties to the chief of police so long as those directives do not revoke or restrict the inherent power of the chief of police in any way. Id.
In this regard, the policy at issue may properly apply to the chief of police insofar as it prohibits campaigning by an elected or appointed official while on duty or in any official capacity. This mandate does not limit or restrict the inherent supervisory power of the police chief over his official duties.
Moreover, this office has consistently held that while an employee or chief of police of a police department may campaign as desired without resigning or taking leave from his or her position, this campaigning must not interfere with the performance of the officer's job duties. See Opinion Nos. 96-236, 92-256, and 86-405.
However, the second prong of the policy is problematic. This office has previously concluded that an elected chief of police, as an elected official, is not subject to the disciplinary actions of the mayor or board of aldermen. Opinion No. 87.341. Therefore, the Town Council cannot suspend without pay or dismiss the elected chief of police for a violation of this policy.
This protection does not remove the individual from scrutiny and possible action under LSA-R.S. 14:138, which prohibits public payroll fraud. By failure to perform his regular working duties, the chief of police could be charged under those criminal provisions.
I trust this answers your concerns. Please contact this office if you need anything further.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb